UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES D. MARSHALL,

                          Plaintiff,

          -against-

OFFICER VAUGHN, et al.,

                          Defendants.

1:24-CV-2485 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff James D. Marshall, who is currently incarcerated in the Greene Correctional

Facility, in Coxsackie, Greene County, New York, filed this *pro se* action under 42 U.S.C. § 1983

seeking damages.[1] Plaintiff's claims arise from what he describes as an illegal search and seizure

that allegedly took place in Ithaca, Tompkins County, New York.[2] Plaintiff sues: (1) Officer

Vaughn, a New York State Parole Officer assigned to Elmira, Chemung County, New York;

(2) Officer Keven Harmer, a New York State Parole Officer assigned to Ithaca, Tompkins

County, New York; (3) Police Officer Cosgrove, of the Ithaca Police Department; and (4) Police

Officer J. Balyszak, also of the Ithaca Police Department. For the following reasons, the Court

transfers this action to the United States District Court for the Northern District of New York.

---

[1] Plaintiff filed his complaint while he was incarcerated in the Cayuga Correctional Facility, in Moravia, Cayuga County, New York. Plaintiff's complaint is captioned for the United States District Court for the Northern District of New York. (ECF 1, at 1.)

[2] Under Rule 5.2(a)(2) of the Federal Rules of Civil Procedure, court submissions must not refer to a person's complete date of birth; they may only refer to the person's birth year. Fed. R. Civ. P. 5.2(a)(2). A litigant waives the information protections of this rule if he reveals his own unredacted or unsealed personal information, including his complete date of birth. *See* Fed. R. Civ. P. 5.2(h). Plaintiff, in an attachment to his complaint, however, reveals the complete date of birth of another person who is not a party to this action. Thus, in light of Rule 5.2(a)(2), and in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's complaint to a "case participant-only" basis.

**DISCUSSION**

Under the applicable venue provision for Plaintiff's claims, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *See* § 1391(c)(1).

Plaintiff does not allege where any of the defendants reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).[3] It is clear, however, that, because the alleged events occurred in Ithaca, in Tompkins County (ECF 1, at 18-19), which is within the Northern District of New York, *see* 28 U.S.C. § 112(a), the United States District Court for the Northern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

2

operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Northern District of New York is appropriate for this action. Plaintiff asserts that the underlying events occurred in Ithaca, in Tompkins County, in the Northern District of New York, and he alleges that three of the four defendants are assigned there. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Northern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether the abovementioned restriction on public electronic access to Plaintiff's complaint should continue in the transferee

court, are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 8, 2024
         New York, New York

_____
/s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
     Chief United States District Judge